IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desera Smith and Kayla Gudinas, | Civil Action No. |
| *On behalf of themselves and those similarly situated,* | |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| Captain George's of South Carolina, LP; Captain George's of South Carolina, Inc.; Captain KDH, LLC; Lideslambous, Inc.; Pitsilambous, Inc.; Pitsilides Management, LLC; George Pitsilides; Sherry Pitsilides; and Doe Corporations 1-4; | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

1.      Desera Smith and Kayla Gudinas, on behalf of themselves and all similarly-situated individuals, bring this action against Defendants Captain George's of South Carolina, LP; Captain George's of South Carolina, Inc.; Captain KDH, LLC; Lideslambous, Inc.; Pitsilambous, Inc.; Pitsilides Management, LLC; George Pitsilides; Sherry Pitsilides; and Doe Corporations 1-4 (collectively "Defendants" or "Captain George's"). Plaintiffs seek appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiffs and similarly-situated individuals with minimum wage and overtime wages as required by the Fair Labor Standards Act ("FLSA").

2. Defendants own and operate four seafood buffet restaurants in Myrtle Beach, South Carolina, Kill Devil Hills, North Carolina, Virginia Beach, Virginia, and Williamsburg, Virginia as a single integrated enterprise.

3. Plaintiff Smith worked for Captain George's as a server at their Myrtle Beach location.

4. Plaintiff Gudinas worked for Captain George's as a server at their Virginia Beach location.

5. Defendants have repeatedly violated the FLSA by improperly applying a tip credit to servers' and other employees' wages. Other employees include bussers and buffet runners and any other employee to which Defendants claimed a tip credit.

6. Employees, including servers, bussers, buffet runners, and some bartenders will collectively be referred to as "tipped wage employees."

7. Defendants have not provided proper notice of the tip credit provisions of the FLSA to its tipped wage employees.

8. Defendants have taken more than the maximum allowable tip credit for at least some of the relevant time period.

9. Defendants require tipped wage employees to give a percentage of their tips each night to the "house," *i.e.*, to the restaurant itself.

10. Defendants require tipped wage employees to share tips with other non-tipped employees who are not properly included in the tipped wage employees' tip pool.

11. Defendants require tipped wage employees to work off the clock.

12.     When Defendants' tipped wage employees work over 40 hours per week, they are either required to work off the clock for this time, or they are paid at the incorrect overtime rate.

13.     Defendants require tipped wage employees to spend more than 20% of their time at work completing non-tipped sidework.

14.     Defendants take impermissible deductions from tipped wage employees' wages, for things such as uniforms and other tools of the trade like bottle openers.

15.     Defendants maintain a policy and practice of underpaying their tipped wage employees in violation of the FLSA.

16.     All tipped wage employees at the Captain George's restaurants, including Plaintiffs, are subject to the same or similar employment policies and practices, including policies and practices with respect to wages paid, and with respect to tips.

17.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former tipped wage employees who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA wage and hour provisions by Defendants.

18.     Plaintiff Smith also bring this action on behalf of herself to remedy violations of the SCPWA, S.C. Code Ann. § 40-10-30(A).

I.  Jurisdiction and Venue

19.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiffs' FLSA claims.

20.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff Smith's South Carolina law claims.

21.     Venue in this Court is proper under 28 U.S.C. § 1391(b).

## II. Parties

### Plaintiffs

### Desera Smith

22.  Plaintiff Desera Smith is an individual residing in Horry County, South Carolina.

23.  Smith has given written consent to join this action.

24.  At all relevant times, Smith was an "employee" of Defendants within the meaning of the FLSA and the SCPWA.

### Kayla Gudinas

25.  Plaintiff Kayla Gudinas is an individual residing in Virginia Beach, Virginia.

26.  Gudinas has given written consent to join this action.

27.  At all relevant times, Gudinas was an "employee" of Defendants within the meaning of the FLSA.

### Defendants

28.  Defendants have jointly employed Plaintiffs and similarly situated tipped wage employees at all times relevant.

29.  Each of the Defendants had control over Plaintiffs' and similarly situated tipped wage employees' working conditions.

30.  Defendants are part of a single integrated enterprise.

31.  At all relevant times, the Captain George's restaurants shared common management and were centrally controlled and/or owned by George Pitsilides and Sherry Pitsilides.

4

32.     At all relevant times, Defendants maintained control over labor relations at the Captain George's restaurants.

33.     During all relevant times, Defendants permitted employees to transfer or be shared by and between the Captain George's restaurants without retraining.

34.     Defendants centrally control and co-operate the Captain George's restaurants from their headquarters at 1956 Laskin Road, Virginia Beach, Virginia 23454.

35.     Defendants centrally control marketing efforts, payroll services, benefits management, food, beverage and supply purchasing services, and some premises and equipment management services.

36.     Defendants suffer or permit Plaintiff and other tipped wage employees to work.

37.     Defendants have direct or indirect control of the terms and conditions of Plaintiffs' work and the work of similarly situated tipped wage employees.

**Captain George's of South Carolina, LP**

38.     Defendant Captain George's of South Carolina, LP is a foreign limited partnership, with its headquarters in Virginia.

39.     Captain George's of South Carolina, LP's owner and President is George Pitsilides.

40.     Captain George's of South Carolina, LP is headquartered at 1956 Laskin Road, Virginia Beach, Virginia 23454.

41.     Captain George's of South Carolina, LP is an "employer" of Plaintiffs and similarly situated tipped wage employees as that term is defined by the FLSA.

42.     Captain George's of South Carolina, LP applies or causes to be applied substantially the same employment policies, practices, and procedures to all tipped wage employees at all of its

5

locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, tip pooling, side work, and clock in/out procedures.

43. Captain George's of South Carolina, LP maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

44. Captain George's of South Carolina, LP has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

45. Captain George's of South Carolina, LP's gross revenue exceeds $500,000 per year.

**Captain George's of South Carolina, Inc.**

46. Defendant Captain George's of South Carolina, Inc. is a foreign corporation with its headquarters in Virginia.

47. Captain George's of South Carolina, Inc.'s owner and President is George Pitsilides.

48. Captain George's of South Carolina, Inc. is headquartered at 1956 Laskin Road, Virginia Beach, Virginia 23454.

49. Captain George's of South Carolina, Inc. is an "employer" of Plaintiffs and similarly situated tipped wage employees as that term is defined by the FLSA.

50. Captain George's of South Carolina, Inc. applies or causes to be applied substantially the same employment policies, practices, and procedures to all tipped wage

6

employees at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, tip pooling, side work, and clock in/out procedures.

51. Captain George's of South Carolina, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

52. Captain George's of South Carolina, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

53. Captain George's of South Carolina, Inc.'s gross revenue exceeds $500,000 per year.

**Captain KDH, LLC**

54. Defendant Captain KDH, LLC is a foreign limited liability company with its headquarters in Virginia.

55. Captain KDH, LLC's owner and President is George Pitsilides.

56. Captain KDH, LLC is headquartered at 1956 Laskin Road, Virginia Beach, Virginia 23454.

57. Captain KDH, LLC is an "employer" of Plaintiffs and similarly situated tipped wage employees as that term is defined by the FLSA.

58. Captain KDH, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all tipped wage employees at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, tip pooling, side work, and clock in/out procedures.

7

59. Captain KDH, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

60. Captain KDH, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

61. Captain KDH, LLC's gross revenue exceeds $500,000 per year.

**Pitsilambous, Inc.**

62. Defendant Pitsilambous, Inc. is a foreign corporation with its headquarters in Virginia.

63. Pitsilambous, Inc.'s owner and President is George Pitsilides.

64. Pitsilambous, Inc. is headquartered at 1956 Laskin Road, Virginia Beach, Virginia 23454.

65. Pitsilambous, Inc. is an "employer" of Plaintiffs and similarly situated tipped wage employees as that term is defined by the FLSA.

66. Pitsilambous, Inc. applies or causes to be applied substantially the same employment policies, practices, and procedures to all tipped wage employees at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, tip pooling, side work, and clock in/out procedures.

67. Pitsilambous, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

8

68. Pitsilambous, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

69. Pitsilambous, Inc.'s gross revenue exceeds $500,000 per year.

**Lideslambous, Inc.**

70. Defendant Lideslambous, Inc. is a foreign corporation with its headquarters in Virginia.

71. Lideslambous, Inc.'s owner and President is George Pitsilides.

72. Lideslambous, Inc. is headquartered at 1956 Laskin Road, Virginia Beach, Virginia 23454.

73. Lideslambous, Inc. is an "employer" of Plaintiffs and similarly situated tipped wage employees as that term is defined by the FLSA.

74. Lideslambous, Inc. applies or causes to be applied substantially the same employment policies, practices, and procedures to all tipped wage employees at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, tip pooling, side work, and clock in/out procedures.

75. Lideslambous, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

76. Lideslambous, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

77. Lideslambous, Inc.'s gross revenue exceeds $500,000 per year.

**Pitsilides Management, LLC**

9

78. Defendant Pitsilides Management, LLC is a foreign limited liability company with its headquarters in Virginia.

79. Pitsilides Management, LLC's President is George Pitsilides.

80. Pitsilides Management, LLC is headquartered at 1956 Laskin Road, Virginia Beach, Virginia 23454.

81. Pitsilides Management, LLC is an "employer" of Plaintiffs and similarly situated tipped wage employees as that term is defined by the FLSA.

82. Through Pitsilides Management, LLC, Defendants centralize their payroll and benefits policies, practices, and operations.

83. Pitsilides Management, LLC receives a management fee from Pitsilambous, Inc., Lideslambous, Inc., Captain KDH, LLC, and Captain George's of South Carolina, LP for marketing efforts, payroll services, benefits management, food, beverage and supply purchasing services, and some premises and equipment management services.

84. Pitsilides Management, LLC receives reports from Pitsilambous, Inc., Lideslambous, Inc., Captain KDH, LLC, and Captain George's of South Carolina, LP every two weeks regarding hours worked by the employees at the four Captain George's locations, generates paychecks, and overnights the paychecks to the four Captain George's locations.

85. Pitsilides Management, LLC maintains the payroll records for all of Defendants' employees.

86. Pitsilides Management, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all tipped wage employees at all of its locations,

10

including policies, practices, and procedures relating to payment of minimum wages, overtime wages, tips, side work, deductions, and clock in/out procedures.

87.    Pitsilides Management, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, timekeeping, payroll, expense reimbursements, deductions, tips, and other practices.

88.    Pitsilides Management, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

89.    Pitsilides Management, LLC's gross revenue exceeds $500,000 per year.

**George Pitsilides**

90.    Defendant George Pitsilides is the founder, owner, and operator of all of the Defendant entities.

91.    George Pitsilides is the owner and president of Capt. George's Seafood Restaurants, LP.

92.    George Pitsilides is the owner and president of Captain George's of South Carolina, LP.

93.    George Pitsilides is the owner and president of Captain George's of South Carolina, Inc.

94.    George Pitsilides is the owner and president of The Captain at the Beach, LLC.

95.    George Pitsilides is the owner and president of Captain KDH, LLC.

96.    George Pitsilides is the owner and president of PitCo 1, LLC.

97.    George Pitsilides is the owner and president of PitNorth, LLC.

98.    George Pitsilides is the owner and president of Pitsilambous, Inc.

99. George Pitsilides is the owner and president of Lideslambous, Inc.

100. George Pitsilides lives in Virginia Beach, Virginia.

101. George Pitsilides is a hands-on owner who oversees operations in all four of his restaurants.

102. In an article for U.S. Business Executive magazine, George Pitsilides stated that he is a hands-on owner who oversees operations in all four of his restaurants.

103. Upon information and belief, George Pitsilides operates and controls the Defendant corporations from their headquarters at 1956 Laskin Road, Virginia Beach, Virginia 23454.

104. At all relevant times, George Pitsilides has been an "employer" of Plaintiffs and similarly situated delivery drivers as that term is defined by the FLSA.

105. At all relevant times, George Pitsilides has been actively involved in managing the operations of the Captain George's restaurants.

106. At all relevant times, George Pitsilides has had control over Defendants' pay policies.

107. At all relevant times, George Pitsilides has had power over personnel and payroll decisions at the Captain George's restaurants.

108. At all relevant times, George Pitsilides has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

109. At all times relevant, George Pitsilides has had the power to transfer the assets and liabilities of each of the named corporate defendants.

110. At all relevant times, George Pitsilides has had the power to declare bankruptcy on behalf of each of the named corporate defendants.

111. At all relevant times, George Pitsilides has had the power to enter into contracts on behalf of each of the named corporate defendants.

112. At all relevant times, George Pitsilides has had the power to close, shut down, and/or sell each of the named corporate defendants.

**Sharon (Sherry) Pitsilides**

113. Defendant Sherry Pitsilides is a founder, owner, and operator of all of the Defendant entities.

114. Upon information and belief, Sherry Pitsilides lives in Virginia Beach, Virginia.

115. Upon information and belief, Sherry Pitsilides operates and controls the Defendant corporations from their headquarters at 1956 Laskin Road, Virginia Beach, Virginia 23454.

116. At all relevant times, Sherry Pitsilides has been an "employer" of Plaintiffs and similarly situated delivery drivers as that term is defined by the FLSA.

117. Sherry Pitsilides is an employee of Pitsilides Management, LLC.

118. Sherry Pitsilides owns a minority interest in each of the entities that operates the four Captain George's restaurant locations: she owns 35% of shares in Pitsilambous, Inc.; she owns 30% of the shares in Lideslambous, Inc.; she is the beneficial owner, through a revocable trust, of a minority membership interest in Captain KDH, LLC, representing 30% of the total membership interest in that company; and she has an indirect, minority interest in Captain George's of South Carolina, Inc.

119. Sherry Pitsilides has worked alongside her husband in operating the Captain George's restaurants for forty years.

120.    George Pitsilides has credited the success of the Captain George's restaurants to he and Sherry Pitsilides' team approach and the way they handle everyday operations together.

121.    At all relevant times, Sherry Pitsilides has been actively involved in managing the operations of the Captain George's restaurants.

122.    At all relevant times, Sherry Pitsilides has had control over Defendants' pay policies.

123.    At all relevant times, Sherry Pitsilides has had power over personnel and payroll decisions at the Captain George's restaurants.

124.    At all relevant times, Sherry Pitsilides has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

125.    At all times relevant, Sherry Pitsilides has had the power to transfer the assets and liabilities of each of the named corporate defendants.

126.    At all relevant times, Sherry Pitsilides has had the power to declare bankruptcy on behalf of each of the named corporate defendants.

127.    At all relevant times, Sherry Pitsilides has had the power to enter into contracts on behalf of each of the named corporate defendants.

128.    At all relevant times, Sherry Pitsilides has had the power to close, shut down, and/or sell each of the named corporate defendants.

**Doe Corporations 1-4**

129.    Upon information and belief, Defendants own and operate other corporate entities and/or limited liability companies that also qualify as Plaintiffs' "employers" under the FLSA.

130.    These defendants may include, but are not limited to, Pitsilides, Inc.; Pitsilides Management of SC, Inc.; and Pitsilides Family, LLC; PitCo Family, LLC; and PitCo 2, LLC.

### III.    Individual Factual Allegations

131.    Consistent with their policies, patterns, and practices, Defendants harmed Plaintiffs, individually, as follows:

**Desera Smith**

132.    Desera Smith worked as a server at Captain George's restaurant in Myrtle Beach, South Carolina from 2014 to March 2018.

133.    Smith typically worked 35-40 hours per week for Defendants, and sometimes worked over 40 hours per week.

134.    As a server, Smith primary job duties included waiting on guests.

135.    Smith also regularly completed 1-2 hours of side work at the beginning and/or end of each shift, and during her shift. After work was often 1 to 1.5 hours, and before work was approximately .5 hours.

136.    Smith was paid $2.125 per hour for all hours worked, until sometime in 2017, when the tipped employees began receiving $2.13 per hour.

137.    Smith was never provided notice of the tip credit provisions of the FLSA by Defendants until approximately December 2017.

138.    At the end of each shift, Smith had to give a certain percentage—often 3%—of the sales she obtained directly to the restaurant out of her tips.

139.    Smith also had to tip out an additional amount—often between $4 and $7—to silverware rollers for each shift she worked.

140. Smith worked some overtime hours, but Defendants instructed us to work off the clock to keep employees' hours under 40. Employees were instructed to "manage our hours."

141. A couple of times, Smith did get paid for overtime hours, but she received only 1.5 times $2.125 per hour.

142. Smith was required to pay for his first work uniform when she started at Captain George's.

143. Smith was required to purchase her own slip resistant shoes to work for Defendants, as well as other tools for the job.

**Kayla Gudinas**

144. Kayla Gudinas worked as a server at Captain George's restaurant in Virginia Beach, Virginia from May 2016 to November 2016.

145. Gudinas worked fewer than hours per week for Defendants.

146. As a server, Gudinas' primary job duties include waiting on guests.

147. Gudinas also regularly completes side work at the beginning and/or end of each shift.

148. Gudinas was paid $2.125 per hour for all hours worked.

149. Gudinas was never provided notice of the tip credit provisions of the FLSA by Defendants.

150. At the end of each shift, Gudinas has to give either 2% or 3% of the sales she obtained directly to the restaurant out of her tips.

151. Gudinas also had to pay the silverware rollers $4 or $5 per shift out of her tips for rolling silverware.

16

152.    Gudinas had signed a paper acknowledging that she would give $4 per shift to silverware rollers. After a certain time, the amount she was supposed to provide to silverware rollers became $5 per shift.

153.    Gudinas was given the one-time option of rolling her own silverware everyday, according to management, instead of tipping out the silverware rollers, but she was told that she could not roll the silverware on the company's time (i.e., on the clock).

154.    Gudinas was required to purchase her uniform shirt from Defendants, and a jersey for when she worked in the bar area, Just George's.

155.    Gudinas was required to purchase her own slip resistant work shoes to work for Defendants, a counterfeit pen, and POSitouch cards.

## IV.    Collective Action Allegations

156.    Plaintiffs bring the First and Second Counts on behalf of themselves and all similarly situated current and former tipped wage employees employed at the Captain George's restaurants owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

157.    At all relevant times, Plaintiffs and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiffs and the FLSA Collective minimum wage for all hours worked, failing to provide notice of the tip credit as required by the FLSA, misappropriating their tips, requiring them to work off the clock, requiring them to spend more than 20% of their time at work

17

in a non-tipped capacity, making impermissible deductions from their wages, and refusing to pay them overtime compensation. Plaintiffs' claims are essentially the same as those of the FLSA Collective.

158.    The tipped wage employees at all four Captain Georges' restaurants were subject to the same or similar employment terms as the Plaintiffs were subjected to.

159.    Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiffs and the FLSA Collective.

160.    Defendants are aware or should have been aware that federal law requires them to pay all tipped employees at least $2.13 per hour.

161.    Defendants are aware or should have been aware that federal law requires them to provide notice of the tip credit provisions of the FLSA to any employee from whose wages they intend to take a tip credit.

162.    Defendants are aware or should have been aware that federal law prohibits them from paying employees tip credit minimum wage unless they adhere to certain rules, including rules against misappropriating employee tips.

163.    Defendants are aware or should have been aware that federal law requires them to pay employees at least full minimum wage for all hours worked in a non-tipped capacity.

164.    Defendants are aware or should have been aware that federal law prohibits them from taking deductions from employees' wages for certain uniforms and other expenses.

165.    Defendants are aware or should have been aware that federal law requires them to pay employees for all hours worked.

166.     Defendants are aware or should have been aware that federal law requires them to pay time and one half overtime wages to employees who work over 40 hours in a workweek.

167.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

168.     The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

169.     The FLSA Collective members are readily identifiable and ascertainable.

170.     For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from Defendants' records.

171.     In recognition of the services Plaintiffs have rendered and will continue to render to the FLSA Collective, Plaintiffs will request payment of a service award upon resolution of this action.

V.      **Causes of Action**

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiffs and the FLSA Collective)

172.     Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

173.     Plaintiffs and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

174.     Plaintiffs and the FLSA Collective were not given proper notice of the tip provisions of the FLSA.

175.    Plaintiffs and the FLSA Collective were denied proper minimum wage because Defendants paid them $2.125 per hour, which is less than the permissible minimum wage minus a tip credit.

176.    Plaintiffs and the FLSA Collective were denied proper minimum wage because they were required to share tips with parties and individuals who are not permitted to be included in a valid tip pool, including Defendants themselves, Defendants' bartenders, silverware rollers, bussers, and setters.

177.    Plaintiffs and the FLSA Collective were denied proper minimum wage because they were required to spend more than 20% of their time at work engaged in a non-tipped capacity.

178.    Plaintiffs and the FLSA Collective were denied proper minimum wage because they were required to pay for customer walkouts, uniforms, and other expenses for the benefit of Defendants.

179.    As a result of Defendants' policies and practices, they were not permitted to take a tip credit from the wages of Plaintiffs and the FLSA Collective.

180.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiffs and the FLSA Collective.

181.    Plaintiffs and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

182.    As a result of Defendants' willful violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## Count 2

### Failure to Pay Overtime Wages – Fair Labor Standards Act
### (On Behalf of Plaintiffs and the FLSA Collective)

183.     Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

184.     Plaintiffs and the FLSA Collective worked more than forty hours in one or more workweeks.

185.     When Plaintiffs and the FLSA Collective worked overtime hours, they were required to clock out, or they had their hours reduced manually by Defendants' managers, so their records would not indicate that they worked overtime hours.

186.     When Plaintiffs and the FLSA Collective's overtime hours were recorded by Defendants, they were paid at the wrong rate.

187.     As a result, Plaintiffs and the FLSA Collective were not properly compensated for hours worked in excess of 40 hour per week.

188.     By not paying Plaintiffs and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

189.     As a result of Defendants' willful violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

### Count 3
### Unlawful Deductions from Wages – South Carolina Payment of Wages Act
### (On Behalf of Desera Smith)

190.     Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

21

191. Defendants are an "employer" as defined by the SCPWA.

192. Defendants employed Smith within the state of South Carolina.

193. Money received by Smith directly as tips or from the tip pool were "wages" as defined by SCPWA, § 41-10-10(2).

194. Defendants illegally deducted amounts from the wages of Smith without providing proper notice as required by S.C. Code Ann. § 41-10-30(A).

195. Specifically, Defendants required Smith to pay approximately 3% of the sales she obtained out of her tips directly to Defendants.

196. Defendants' unlawful deduction policy was instituted willfully.

197. By making deductions from the tip income of Smith, Defendants have violated the SCPWA.

198. As a result of Defendants' violations of the SCPWA, Smith is entitled to the unlawfully deducted tips, treble damages, attorneys' fees, costs, and injunctive relief.

**WHEREFORE**, Plaintiffs Desera Smith and Kayla Gudinas pray for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action to the extent those claims have not already been asserted elsewhere, and appointment of Plaintiffs and their counsel to represent the collective action members.

B. Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

22

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

D.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and SCPWA.

E.     An award of unlawfully deducted tips due under the SCPWA to Smith.

F.     An award of treble damages under the SCPWA to Smith.

G.     An award of unpaid wages and unlawful deductions under the NCWHA.

H.     An award of prejudgment and post-judgment interest.

I.     An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

J.     Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Patrick McLaughlin
Patrick McLaughlin
Wukela Law Firm
403 Second Loop Rd.
PO Box 13057
Florence, SC 29504-3057
843-669-5634 (Phone)
843-669-5150 (Fax)
(Patrick@wukelalaw.com)

Andrew Biller (*pro hac vice*)
Trial Counsel
Andrew Kimble (*pro hac vice*)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
513-651-3700 (Phone)
513-665-0219 (Fax)
(abiller@msdlegal.com)
(akimble@msdlegal.com)

23

*Counsel for Plaintiffs*

## Jury Demand

Plaintiffs hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Patrick McLaughlin